IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-3190-D

| | |
|---|---|
| MARKIS RASAAN ALLEN, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| SHERIFF OF BEAUFORT COUNTY, et al., | ) |
| Defendants. | ) |

On June 23, 2023, Markis Rasaan Allen ("Allen" or "plaintiff"), a pretrial detainee proceeding pro se, filed a letter which the clerk construed as a complaint under 42 U.S.C. § 1983 [D.E. 1]. On July 17, 2023, Allen refiled his complaint on the form prescribed for use in this court [D.E. 6]. On January 23, 2024, the court granted Allen's motion to amend the complaint, reviewed Allen's filings, and dismissed the complaint without prejudice [D.E. 15]. On the same date, the clerk entered judgment [D.E. 16].

On July 22, 2024, the court granted in part Allen's motion for reconsideration, vacated the judgment, and directed Allen to file an amended complaint as to his claims concerning his placement in HCON at Granville and medical treatment at Central [D.E. 19]. The court also directed Allen to name the individuals directly involved in his claims and to specifically explain each defendant's role in each claim. See id. at 3. Allen appealed. See [D.E. 23]. On December 10, 2024, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. See Allen v. Sheriff of Beaufort Cty., No. 24-6927, 2024 WL 5054946 (4th Cir. Dec. 10, 2024) (per curiam) (unpublished).

On December 6, 2024, the court denied Allen's motion for appointment of counsel and allowed Allen one final opportunity to file an amended complaint as directed in the court's July 22, 2024, order [D.E. 27]. On February 4, 2025, Allen filed an amended complaint [D.E. 33]. On April 23, 2025, the court reviewed the amended complaint and dismissed the action in part for failure to comply with a court order and in part for failure to state a claim [D.E. 34]. On the same date, the clerk entered judgment [D.E. 35]. Allen moves for reconsideration [D.E. 36].

Allen argues he tried to comply with the court's July 22, 2024 order but was unable to provide the exact names of the warden and medical staff at Central Prison because he was held in solitary confinement. See [D.E. 36] 1. The court has considered Allen's motion for reconsideration under the governing standard. See Fed. R. Civ. P. 59(e); Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The court grants in part the motion, allows Allen to proceed with his Fourteenth Amendment claims against the warden and medical staff at Central Prison, and dismisses all other claims and defendants.

In sum, the court GRANTS IN PART plaintiff's motion for reconsideration [D.E. 36], VACATES the judgment [D.E. 35], ALLOWS plaintiff to proceed with his Fourteenth Amendment claims against the warden and medical staff at Central Prison, and DISMISSES all other claims and defendants. The court DIRECTS the clerk to serve a copy of this order along with the court's previous order [D.E. 34] and amended complaint [D.E. 33] on the North Carolina Attorney General. The court DIRECTS the North Carolina Attorney General to produce to plaintiff all written records, including any incident reports and medical records, relating to plaintiff's confinement at Central Prison on September 9, 2022, and to file a certificate of service

with the court on or before January 5, 2026. The court DIRECTS plaintiff to file a response to this order on or before January 26, 2026, that properly identifies the warden and medical staff at Central Prison. This directive is not an invitation to make new claims or add new defendants. If plaintiff does not file any response, the clerk shall enter judgment dismissing the action without prejudice without further order of the court.

SO ORDERED. This 8 day of December, 2025.

*JAMES C. DEVER III*
United States District Judge