IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-3190-D

MARKIS RASAAN ALLEN,                    )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        **ORDER**
                                        )
SHERIFF OF BEAUFORT                     )
COUNTY, et al.,                         )
                                        )
                    Defendants.         )

On June 23, 2023, Markis Rasaan Allen ("Allen" or "plaintiff"), a pretrial detainee proceeding pro se, filed a letter which the clerk construed as a complaint under 42 U.S.C. § 1983 [D.E. 1]. On July 17, 2023, Allen refiled his complaint on the form prescribed for use in this court [D.E. 6]. On January 23, 2024, the court granted Allen's motion to amend the complaint, reviewed Allen's filings, and dismissed the complaint without prejudice [D.E. 15]. On the same date, the clerk entered judgment [D.E. 16].

On July 22, 2024, the court granted in part Allen's motion for reconsideration, vacated the judgment, and directed Allen to file an amended complaint about his claims concerning his placement in HCON at Granville Correctional and medical treatment at Central Prison [D.E. 19]. The court also directed Allen to name the individuals directly involved in his claims and to specifically explain each defendant's role in each claim. See id. at 3. Allen appealed. See [D.E. 23]. On December 10, 2024, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. See Allen v. Sheriff of Beaufort Cnty., No. 24-6927, 2024 WL 5054946 (4th Cir. Dec. 10, 2024) (per curiam) (unpublished).

On December 6, 2024, the court denied Allen's motion for appointment of counsel and allowed Allen one final opportunity to file an amended complaint as directed in the court's July 22, 2024 order [D.E. 27]. On February 4, 2025, Allen filed an amended complaint [D.E. 33]. On April 23, 2025, the court reviewed the amended complaint and dismissed the action in part for failure to comply with a court order and in part for failure to state a claim [D.E. 34]. On April 24, 2025, the clerk entered judgment [D.E. 35].

On December 8, 2025, the court granted in part Allen's motion for reconsideration, vacated the judgment, allowed Allen to proceed with his Fourteenth Amendment claims against the warden and medical staff at Central Prison, dismissed all other claims and defendants, directed the North Carolina Attorney General to produce to Allen all written records about his confinement at Central Prison on September 9, 2022, and directed Allen to file a response properly identifying the warden and medical staff at Central Prison [D.E. 37]. On January 5, 2026, in response to the court's order, the Attorney General filed a certificate of service stating that he sent Allen the relevant incident and disciplinary reports, DCC/FCC reports, medical records, and other documents about Allen's incarceration at Central Prison on September 9, 2022 [D.E. 38]. On March 4, 2026, in response to the court's order, Allen filed a "motion to reconsider and amend[,] answer or other responsive pleading[,] and motion to appoint coun[s]el." [D.E. 41] 1.

Allen identifies Associate Warden Nakisha Faust ("Faust") and R.N. Kieth Ooka ("Ooka") as the defendants who violated his rights at Central Prison on September 9, 2022. See id. at 1–2; cf. Am. Compl. [D.E. 33] 3–7. Accordingly, the court directs the clerk to add these defendants to the docket and to continue management of the action.

As for Allen's motion for reconsideration and to amend, Allen "ask[s] the court to reconsider [his] suit in its original form due to the state court not recognizing the clear violation of

[his] due process and equal protection clause." [D.E. 41] 2–3. Allen also "ask[s] the court to allow [him] to a[]mend the suit due to the cruel and unusual punishment being forced upon [him] in mist [sic] of arbitrary and capricious abuse of authority by D.A.C." Id. at 3. Essentially, Allen seeks reconsideration of the dismissal of his claim concerning placement in HCON at Granville Correctional and attempts to add Associate Warden M. Carlton as the defendant who "violated [his] rights by sending [him] to HCON without due process." Id. at 2.

The court has considered Allen's motion for reconsideration under the governing standard. See Fed. R. Civ. P. 54(b); Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). Allen's amended complaint raised Fourteenth Amendment claims about his confinement at Central Prison on September 9, 2022, and his dismissed claim concerning placement in HCON at Granville Correctional is unrelated to his claims that occurred at Central Prison. See [D.E. 41] 2–3; cf. Am. Compl. [D.E. 33] 5–7. Additionally, Allen's proposed amended claims are conclusory and violate Federal Rule of Civil Procedure 8(a)(2). Thus, the court denies the motion.

As for Allen's motion for appointment of counsel, there is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 300 n.2 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (citation omitted); see Riddick v. Barber, 109 F.4th 639, 651 (4th Cir. 2024). A court must determine "(1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present

3

it." <u>Jenkins,</u> 109 F.4th at 247 (citation and quotations omitted). If the court answers both questions "affirmatively, the case presents exceptional circumstances." <u>Id.</u>

This case does not present exceptional circumstances. Allen's Fourteenth Amendment claims concerning his confinement at Central Prison are not objectively complex, and Allen has demonstrated through his filings that he has the capacity to present the claims. Accordingly, the court denies the motion.

In sum, the court DENIES plaintiff's motion for reconsideration and to amend [D.E. 41] and DENIES plaintiff's motion for appointment of counsel [D.E. 41]. The court DIRECTS the clerk to add defendants Associate Warden Nakisha Faust and R.N. Kieth Ooka to the docket and to continue management of the action pursuant to Standing Order 14-SO-2. If service against any defendant pursuant to the standing order fails, the court DIRECTS the United States Marshal Service to make service. <u>See</u> 28 U.S.C. § 1915(d).

SO ORDERED. This _6_ day of April, 2026.

JAMES C. DEVER III
United States District Judge

4